UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-802-H

CONNIE MARSHALL                                                                    PLAINTIFF

V.

MIKE O'CONNELL, COUNTY ATTORNEY, et al.                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, the Commonwealth of Kentucky, has moved to dismiss the claims against it on the limited grounds of sovereign immunity. For the reasons that follow, the Court agrees.

I.

Plaintiff, Connie Marshall, seeks ten million dollars ($10,000,000.00) against Jefferson County Attorney Mike O'Connell, Louisville Metro Police Department, LMPD Chief of Police Steve Conrad, Officer Brandon Hogan, Officer Edward Wagner, two unknown LMPD Officers and the Commonwealth of Kentucky for violating her constitutional rights. Specifically, the Plaintiff states in her Complaint that:

> [T]he Louisville Metro Police have subjected the Plaintiff, Connie Marshall to violations of state laws and unconstitutional practices, including but not limited to Terroristic Threatening, Excessive force, the filing of false charges, Racism, Set ups, Attempts to Set up, Stalking; Conspiracy (Including Conspiracy w/intent to falsely imprison or place Ms. Marshall in a mental institution to cover up their crimes), Defamation Libel, Defamation Slander, Discrimination, Fraudulent Reports to the Media, Failure to Assist, Trespassing, Harassment, Assaults, Wrongful and False Imprisonment, Malicious Prosecution, Intimidation, Violation of Color of Law, Violation of Civil Rights, Violation of Civil Liberties and Violation of Human Rights.
>
> The Defendants have tolerated this conduct through their failure to supervise, train, investigate, and discipline police officers adequately which has allowed the officers to violate the Plaintiff, Connie Marshall for

the past eight (8) years and before and continues to date.

The motion here concerns only Plaintiff's claims against the Commonwealth.

II.

The Commonwealth argues that the claims against it must be dismissed for lack of subject matter jurisdiction pursuant FRCP 12(b)(1). The Commonwealth, as a sovereign state, is protected from suit by the Eleventh Amendment which states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

This Court agrees the Eleventh Amendment bars a lawsuit against a state unless the state has consented to suit. *Welch v. Texas Dept. of Highways and Public Transportation,* 483 U.S. 468, 480, 107 S.Ct. 2941, 2949-2950, 97 L.Ed.2d 389 (1987) (plurality opinion); see also *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989); *Cory v. White,* 457 U.S. 85, 90-91, 102 S.Ct. 2325, 2328-2329, 72 L.Ed.2d 694 (1982); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (*per curiam*); *Mt. Healthy City Bd. of Ed. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977).

Here, the Commonwealth has not waived its sovereign immunity. In fact, the General Assembly has codified its intent to immunize the Commonwealth from civil suit and to waive that immunity only in the most limited of circumstances:

> It is further the intention of the General Assembly to otherwise expressly preserve the sovereign immunity of the Commonwealth, any of its cabinets, departments, bureaus or agencies or any of its officers, agents or employees while acting in the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus or agencies in all other situations except where sovereign immunity is specifically and expressly waived as set forth by statute.

2

1 KRS 44.072. No statute exists that would waive immunity in the present action.

Moreover, the statute under which the Plaintiff brings her action, 42 U.S.C. §1983, appears to exclude the Commonwealth from liability. Section §1983 states that "every person" who violates another person's Constitutional rights shall be liable.

The United States Supreme Court has held that neither a state nor a state official, acting in his official capacity, was a "person" subject to a §1983 suit.

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, *Welch v. Texas Dept. of Highways and Public Transportation,* 483 U.S. 468, 472-473, 107 S.Ct. 2941, 2945-2946, 97 L.Ed.2d 389 (1987) (plurality opinion), or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity. That Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect was made clear in our decision in *Quern.* Given that a principal purpose behind the enactment of § 1983 was to provide a federal forum for civil rights claims, and that Congress did not provide such a federal forum for civil rights claims against States, we cannot accept petitioner's argument that Congress intended nevertheless to create a cause of action against States to be brought in state courts, which are precisely the courts Congress sought to allow civil rights claimants to avoid through § 1983. (Emphasis added).

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). The Kentucky Supreme Court has held similarly. *Jefferson County Fiscal Court v. Peerce*, 132 S.W.3d 824, 839 (Ky. 2004).

For the foregoing reasons, the Court concludes that Plaintiff cannot establish that the Commonwealth has waived its sovereign immunity or consented to her lawsuit. Because this issue is absolutely clear no additional briefing is required.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's request for an extension of time is DENIED.

IT IS FURTHER ORDERED that the Commonwealth's motion to dismiss is SUSTAINED and all claims against it are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's request for appointment of counsel is DENIED.

cc: Connie Marshall, *Pro Se*
Counsel of Record