UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-802-H

CONNIE MARSHALL                                                                    PLAINTIFF

V.

MIKE O"CONNELL, COUNTY ATTORNEY,
COMMONWEALTH OF KY,
LOUISVILLE METRO POLICE DEPT,
STEVE CONRAD, POLICE CHIEF
BRANDON HOGAN, LOUISVILLE METRO POLICE OFFICER,
EDWARD WAGNER, LOUISVILLE METRO POLICE OFFICER,
POLICE OFFICER UNKNOWN (UNIT 235D)
and POLICE OFFICER UNKNOWN (UNIT 235F)                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Connie Marshall, has filed no less than twenty-nine (29) *pro se* lawsuits in the Western District of Kentucky between February 4, 2003 and December 18, 2010. The majority of the lawsuits make the same allegations as those raised in this suit – that the Plaintiff is the target of a vast conspiracy involving false imprisonment, violations of her civil rights, and set ups. So far none has reached even the trial stage. Defendants, Jefferson County Attorney Mike O'Connell, the Commonwealth of Kentucky, Louisville Metro Police Department ("LMPD"), LMPD Chief Steve Conrad, and LMPD Officers Brandon Hogan and Edward Wagner, have moved on all claims against them. Though Plaintiff has not responded, the Court has reviewed the motion to determine its merit. The Court agrees with the arguments set forth in Defendants' brief. For the reasons that follow and others, Plaintiff's claims should be dismissed.

I.

On June 25, 2013, Plaintiff filed this lawsuit in Jefferson Circuit Court. Following some discovery, Defendants removed the matter to federal court. Thereafter, this Court granted the

Commonwealth of Kentucky's motion to dismiss on the grounds of immunity. Plaintiff's claims against O'Connell, the LMPD, Conrad, Hogan, and Wagner remained.

In her complaint, Plaintiff first alleges that excessive force was used against her when she was arrested on June 26, 2012, and just generally alleges that the Louisville Metro Police caused her serious injury. She then goes on to allege that Louisville Metro Police are sending her threatening emails and phone calls and is attempting to set her up. Plaintiff does not cite to any specific officers as engaging in this behavior. Instead, she alleges it against LMPD as a whole. She alleges that alleged violations of state laws and unconstitutional practices have occurred because of the failure of the "Defendants" to properly train, supervise, and discipline individual police officers.

Plaintiff engaged only in limited written discovery and has admitted that she was suing the remaining Defendants only in their official capacities. As part of those same discovery requests, Plaintiff sets forth an arm's length list of allegations against various police officers, dating back to 2007. She does not list Conrad or O'Connell on her list of officers who have allegedly violated her rights. She later moved to file additional "evidence," and submitted unverified emails and letters not linked to any of the named Defendants in this case.

II.

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). The issue is whether the evidence submitted presents a sufficient disagreement about the material facts so that submission to a jury is necessary, or whether the evidence is so one-sided that a party must prevail as a matter of law. *Anderson*, 477

U.S. at 251-52. For a fact to be material it must affect the outcome of the suit; "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the initial burden of showing that there is an absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party – Plaintiff here – must proffer evidence that points to disputes of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Plaintiff "may not rest upon mere allegations or denial of his pleadings, but…must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

Plaintiff filed this lawsuit *pro se.* Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines* v. *Kerner,* 404 U.S. 519 (1972), this duty to be less stringent "does not require [courts] to conjure up unpled allegations," *McDonald* v. *Hall,* 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark* v. *Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett* v. *City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

III.

Plaintiff names the Louisville Metro Police Department as a defendant. However, that entity is not one capable of being sued. The proper party is the Louisville Jefferson County Metro Government ("Louisville Metro"). *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the

3

proper party to address the allegations of Matthews's complaint.") and *Smallwood v. Jefferson County Government,* 743 F.Supp. 502, 503 (W.D.Ky.1990).

Sovereign immunity precludes an action "against the state unless the state has given its consent or otherwise waived its immunity." *Yanero v. Davis*, 65 S.W.3d 510, 518 (Ky. 2001). As political subdivisions of the state, county governments are likewise entitled to sovereign immunity. *Id.* at 526. Louisville Metro is a consolidated local government established pursuant to K.R.S. Chapter 67C. The General Assembly expressly addressed the applicable immunity of such governments in K.R.S. 67C.101(2)(e), which provides that consolidated local governments "shall be accorded the same sovereign immunity granted counties, their agencies, officers, and employees." *See also Jewish Hosp. Healthcare Services, Inc. v. Louisville/Jefferson County Metro Government*, 270 S.W.3d 905, 906 (Ky. App. 2008); *Lexington-Fayette Urban County Government v. Smolcic,* 142 S.W.3d 128, 132 (Ky. 2004).

Under the doctrine of sovereign immunity, Louisville Metro is immune from suit for all state law claims. It appears that Plaintiff attempts to set forth state law claims against Louisville Metro for assault and battery, negligence, and violation of Kentucky statutory and common law, including KRS 446.070. To the extent Plaintiff's complaint alleges state law claims against Louisville Metro, they must be dismissed.

Plaintiff's attempt to impose supervisory liability for alleged state tort claims also fails. In *Schwindel v. Meade County,* 113 S.W.3d 159, 163 (Ky.2003), the Supreme Court stated, "[i]f damages could be recovered against a county on the basis of respondeat superior, the concept of sovereign immunity would be largely nullified because state and county governments perform their ministerial functions by and through their agents, servants, and employees." (internal

4

citation omitted). Respondeat superior does not and cannot waive the sovereign immunity. *Phillips v. Lexington-Fayette Urban County Government*, 331 S.W.3d 629, 632 (Ky. App. 2010).

Because Louisville Metro has not waived sovereign immunity for the state law claims set forth in Plaintiff's complaint, it is entitled to dismissal of all state claims against it set forth in Plaintiff's complaint.

IV.

Plaintiff's only federal claim is for violation of 42 U.S.C. § 1983. Plaintiff's first allegation under § 1983 alleges that the assault and battery amounts to excessive force and is actionable under 42 U.S.C. § 1983. While unclear, it appears that Plaintiff attempts to state this claim against the "City" as well as the Defendant Unknown Officers. Aa municipality can be held liable under § 1983 only when the municipality itself is responsible for the constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). There is no respondeat superior or vicarious liability under §1983. *Bd. of the City Commr. of Bryan County, Okla. v. Brown*, 520 U.S. 397 (1997). Accordingly, a municipality is not liable under §1983 unless it can be established that a police officer's actions were the result of an official municipal policy. *Monell v. N.Y.C. Dept. of Social Services*, 436 U.S. 658, 694-95 (1978). Because Plaintiff does not make any allegations that Metro had an official policy of assault and battery, the allegations of a violation of § 1983 on that basis must be dismissed.

Mere recitations of inadequate training are insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). Under *Iqbal,* a court must first "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" as required when evaluating a motion to dismiss. *Iqbal*, 556 U.S. at 679.

Plaintiff's allegation in her complaint against Metro related to inadequate training is "[d]efendants have tolerated this [misconduct] through their failure to supervise, train, investigate, and discipline police officers adequately which has allowed the officers to violate the Plaintiff, Connie Marshall, for the past eight (8) years and before and continues to date." [Complaint Document 1-2; Page 19 of 32; PageID #: 25]; and "[t]he violations of state laws and unconstitutional practices in the Complaint have been caused by the failure of the Defendants to properly train supervise and discipline individual police officers in the Louisville Metro Police Department." [Complaint Document 1-2; Page 22 of 32; PageID #: 28]. These statements are no more than mere conclusions; therefore, are not entitled to an assumption of truth.

Because Plaintiff does not provide anything more in her complaint to support her § 1983 claims against Louisville Metro, those claims must be dismissed. *See Weathers v. Anderson*, 2012 WL 1593136 at *3 (W.D. Ky. May 4, 2012).

V.

"Official-capacity suits ... 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky* v. *Graham,* 473 U.S. 159,166 (1985) (quoting *Monell* v. *New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 n.55 (1978). Plaintiffs' official-capacity claims against Defendants O'Connell, Conrad, Hogan and Wagner, therefore, are actually against Louisville Metro. *See Lambert* v. *Hartman,* 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiffs harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins* v. *City of Harker Heights, Tex.,* 503 U.S. 115, 120 (1992). In essence, this involves a similar analysis to that just discussed.

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire* v. *Irving;* 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner* v. *Memphis Police Dep 't,* 8 F.3d 358, 364 (6th Cir. 1993). However, none of the allegations in the complaint demonstrates that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Louisville Metro. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Therefore, the official capacity claims against Defendants O'Connell, Conrad, Hogan and Wagner should be dismissed.

VI.

The complaint contains no factual allegations directly against O'Connell or Conrad. To the extent Plaintiff seeks to hold O'Connell and Conrad liable based on their supervisory position as the chief legal advisor of Jefferson County or Conrad as the chief of the local police department, the doctrine of *respondeat superior,* or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep 't of Soc. Servs.,* 436 U.S. at 691; *Taylor v. Mich. Dept. of Corr.,* 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard* v. *Shelby Cnty. Bd. of Educ.,* 76 F.3d 716, 728 (6th Cir. 1996). Plaintiff fails to allege that O'Connell and Conrad were directly involved in any of the alleged

7

wrongdoing.

For these reasons, Plaintiff fails to state an individual-capacity claim against either O'Connell or Conrad.

## VII.

The complaint contains no indication that Plaintiff intends to impose individual liability on Hogan and Wagner. And the discovery answers in DN 1-3 affirmatively state that the officials are sued in their official capacity. Therefore, should not construe this action as asserting an individual-capacity claim against him. An official-capacity claim against Hogan and Wagner should be dismissed for his failure to allege a municipal policy or custom that resulted in his alleged harm. *Alkire* v. *Irving,* 330 F.3d at 815.

To the degree that an individual capacity claim is asserted Hogan and Wagner are entitled to qualified immunity. "Qualified immunity 'is an immunity from suit rather than a mere defense to liability.'" *Elliott v. Lator*, 497 F.3d 644, 650 (6th Cir. 2007) citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982). In evaluating claims of qualified immunity, the Court must first "determine whether a constitutional violation occurred; second...determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally...determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Williams v. Mehra,* 186 F.3d 685, 691 (6th Cir. 1999) citing to *Dickerson v. McClellan*, 101 F.3d 1151, 1157-58 (6th Cir.1996).

Plaintiff has failed to carry her burden of establishing that these Defendants are not

8

entitled to qualified immunity by failing to prove that the officers "violated a clearly established right of which a reasonable person would have known." *Pray v. City of Sandusky,* 49 F.3d 1154, 1158 (6th Cir. 1995) citing to *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is SUSTAINED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a final order.


cc: Connie Marshall, *Pro Se*
     Counsel of Record